# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RAJ HOUSTON,

        Petitioner,    :    Case No. 1:17-cv-218

- vs -    District Judge Michael R. Barrett
    Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
  Warren Correctional Institution

        :

        Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought pro se by Petitioner Raj Houston to obtain relief from his conviction in the Hamilton County Common Pleas Court for kidnapping. Robbery, aggravated robbery, theft of a motor vehicle, and having weapons while under a disability (Petition, ECF No. 1, PageID 1, ¶ 5.) Houston pleads two grounds for relief.

> **Ground One:** Ineffective Assistance of Appellate Counsel
>
> **Supporting Facts:** Appellate and trial counsel were both ineffective due to failing to raise several major issues in my case. Appellate counsel failed to object to defendant/appellant being viewed by the jury in jailhouse clothes while handcuffed and shackled denying defendant/appellants right to due process and fair trial. Also Appellate counsel failed to raise trial counsels ineffectiveness for failing to object to improper jury instructions and for failing to object to Prosecutorial Misconduct for a Brady Violation, rendering Appellants trial fundamentally unfair in violation of the constitutions of Ohio and United States. Lastly Appellate counsel failed to raise trial counsels ineffectiveness for failing to properly prepare for trial by failing to obtain a full discovery, denying appellant the right to notice

1

and decide if he is going to proceed to trial or consider the plea offered by the state.

Ground Two: The trial court erred in imposing on Mr. Houston consecutive maximum sentences.

Supporting Facts: Double jeopardy and allied offenses forbades [sic] the law from sentencing Mr. Houston to the maximum on all charges.

(Petition, ECF No. 1, PageID 5-6).

The case is before the Court on Respondent's Motion to Dismiss (ECF No. 10). Mr. Houston has filed a Response in Opposition (ECF No. 11).

The Warden argues the Petition is barred by the habeas corpus statute of limitations, 28 U.S.C. § 2244(d). He also argues consideration of the merits of Houston's claims is barred by his procedural default in presenting them to the state courts. Houston disagrees with both defenses.

# Analysis

The habeas corpus statute of limitations, 28 U.S.C. § 2244(d), provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent calculates the running of the statute of limitations as follows: the Ohio Supreme Court denied review on direct appeal on December 24, 2014. Therefore the judgment became final on direct review when the time for seeking review in the United States Supreme Court ninety days later on March 24, 2015, and would expire one year after that on March 25, 2016, absent one or more tolling events.

Respondent concedes that the running of the statute was tolled from September 16, 2015, when Houston filed a state court petition for writ of habeas corpus and continued to be tolled until the Ohio Supreme Court dismissed that petition on November 10, 2015 (Motion, ECF No. 10, PageID 133). By the time of that filing, the statute had already run for 175 days; after the dismissal, it began again to run until it expired May 18, 2016.

The day the Ohio Supreme Court dismissed his state habeas petition, Houston filed a federal petition in Case No. 1:15-cv-722. However, the filing and pendency of a federal habeas petition does not toll the statute of limitations. *Duncan v. Walker,* 533 U.S. 167 (2001). Houston claims he was forced to file that petition but does not say why. After he filed the Petition, he moved for a stay, stating in conclusory fashion without any detail that "Petitioner's intended

grounds for relief are still pending in the state courts." He gave no indication of what remedies he had sought and what he had pending. (ECF No. 11 in Case No. 1:15-cv-722). This Motion was filed in response to the State's argument that the Petition in the prior case should be dismissed as a mixed petition because it included claims of ineffective assistance of appellate counsel and Houston had not exhausted his remedy of an application for delayed reopening of the direct appeal under Ohio R. App.P. 26(B). In recommending dismissal, the Magistrate Judge concluded that all the asserted deficiencies in appellate counsel's performance had been discoverable by July 26, 2014, but no 26(B) application had yet been filed almost two years later (Report, ECF No. 12 in Case No. 1:15-cv-722, PageID 273). Magistrate Judge Wehrman's Report was adopted and the prior case dismissed September 15, 2016.

On October 20, 2016, Houston filed his 26(B) Application (State Court Record, ECF No. 9, PageID 88-89). The sole ground stated therein to excuse the delay was the failure of appellate counsel to provide Houston with the trial transcript. The First District Court of Appeals found that excuse unavailing, finding that, even assuming the transcript was necessary for a 26(B) application, Houston had made no showing of any effort on his part to obtain the transcript before the ninety-day deadline for filing had expired. (*State v. Houston,* Case No. C-130429 (1st Dist. Jan. 12, 2017)(unreported; copy at ECF No. 9, PageID 105-06).

Because the 26(B) Application was not properly filed, i.e. it was not timely under Ohio law, its pendency does not toll the statute of limitations under 28 U.S.C. § 2244(d)(2). Houston claims the First District did not timely serve him with a copy of its decision on the 26(B) Application, but that fact, if true, would not retroactively make the application "properly filed."

Houston requests that his time to file be equitably tolled because he alleges he "has diligently tried to obtain justice." (Response, ECF No. 11, PageID 151). The one-year statute of

4

limitations in 28 U.S.C. § 2244 is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 193 L. Ed. 2d 652(2016); *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe*, 136 S. Ct. at 756, citing *Holland* (emphasis sic).

Houston has not demonstrated his entitlement to equitable tolling. Nothing in his Response rebuts the finding of the First District Court of Appeals that he did nothing to try to obtain his trial transcript within ninety days of First District's ruling on direct appeal on July 16, 2014. He has done nothing to rebut Judge Wehrman's finding that he would have known even before that date of the claims his appellate attorney did not raise. Even if he required a trial transcript to demonstrate that he was compelled to appear in court in shackles and jail clothing, he did not need the transcript to know and to assert that his appellate attorney had failed to raise that claim.

Aside from equitable tolling, Houston asserts that the statute of limitations has not yet even begun to run because the trial court entered a "New Judgment Nunc Pro Tunc Entry November 23, 2016" which it had not yet served on Houston as of August 29, 2017. Houston offers no proof that such an entry exists and no authority for restarting the statute of limitations upon the filing of a nunc pro tunc entry.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 12, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).