# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RAJ HOUSTON,

                Petitioner,      :      Case No. 1:17-cv-218

    - vs -                            District Judge Michael R. Barrett
                                       Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
  Warren Correctional Institution

                                     :

                Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 14) to the Magistrate Judge's Report and Recommendations (ECF No. 13) recommending that the Warden's Motion to Dismiss the Petition as barred by the statute of limitations be granted. Judge Barrett has recommitted the case for reconsideration in light of the Objections (ECF No. 15). The time within which Respondent might have filed a response to the Objections has expired.

The Objections correctly note (ECF No. 14, PageID 173) that de novo review applies to the District Judge's review of the Report because a motion to dismiss is a dispositive motion under Fed. R. Civ. P. 72(b).

Houston asserts that the statute of limitations has not yet begun to run because he has never been served with the "New Judgment Nunc Pro Tunc Entry" of November 23, 2016, and was not even aware of it until he saw it as part of the State Court Record filed by Respondent.

The relevant document is at State Court Record, ECF No. 9, Exhibit 25, PageID 85-87). The Entry shows it was signed by Hamilton County Common Pleas Judge Charles J. Kubicki, Jr., on November 22, 2016, and entered by the Clerk on November 23, 2016. It is plainly marked "nunc pro tunc 07/09/2013."

On July 16, 2014, the First District Court of Appeals decided Houston's direct appeal. *State v. Houston*, 2014-Ohio-3111, 2014 Ohio App. LEXIS 3042 (1st Dist. Jul. 16, 2014). While it was not an error that Houston raised, the First District noted "that the trial court failed to accurately record that Houston was to serve all his prison terms consecutively. We therefore remand the cause to the trial court to correct the clerical error pursuant to Crim.R. 36." *Id.* at ¶1.

The court explained more fully:

> **Error in Sentencing Entry**
>
> [*P41] In its brief, the state points out an error in the trial court's sentencing entry. During the sentencing hearing, the trial court had ordered that "all of the counts are to run consecutive to each other and to the firearm specifications. Total to be served is 65 and a half years in the Ohio Department of Corrections." In the sentencing entry, the trial court stated that "the sentences in counts #1, #2, #3, #4, #10 and #13 are to be served consecutively to each other." The entry failed to mention that count 7 was also to be served consecutively, but did correctly state the aggregate total prison sentence of 65 and one half years.
>
> [*P42] Crim.R. 36 states that: "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." A nunc pro tunc entry may be used to correct a sentencing order, as long as the nunc pro tunc entry reflects what the court actually did, and is not an attempt to modify the court's judgment. *State v. Breedlove*, 46 Ohio App.3d 78, 546 N.E.2d 420 (1st Dist.1988). The transcript of the sentencing hearing and the aggregate prison term ordered by the trial court at the sentencing hearing and in its sentencing entry demonstrate that the trial court ordered Houston to serve the prison term imposed for count 7 consecutively to the sentences in counts 1, 2, 3, 4, 10 and 13. Therefore, we remand this cause to the trial court to correct the entry to properly reflect the court's judgment. *See State v. Kimmie*, 8th

> Dist. Cuyahoga No. 98979, 2013-Ohio-2906 (a trial court can correct a sentencing entry nunc pro tunc when the entry fails to reflect the imposition of consecutive prison terms and when the trial court's intention to impose consecutive terms is manifest in the record).
>
> **Conclusion**
>
> [*P43] Having considered and overruled all three assignments of error, we affirm the judgment of the trial court. We remand the cause to the trial court for the limited purpose of correcting the judgment entry to reflect the trial court's determination that Houston is to serve his prison sentence for count 7 consecutively to the terms imposed for counts 1, 2, 3, 4, 10 and 13 and the gun specifications to counts 4 and 7.

*Id.*

Thus the mandate of the First District was clear: the trial court was directed to prepare and file a nunc pro tunc entry correcting the clerical mistake that appeared in its original sentencing entry.

More than a year after the First District's decision, Houston filed his first habeas corpus petition in this Court (*Houston v. Warden*, Case No. 1:15-cv-722, "*Houston I*"). He pleaded only one ground for relief, including several claims of ineffective assistance of trial and appellate counsel, asserting that:

> Counsel allowed without objection for Petitioner to receive maximum sentence, and also allowed for double jeopardy to transpire when he did not attempt to present the allied offenses issue. Neither trial counsel, nor appellate counsel informed Petitioner that there were timelines for post-conviction, and neither allowed him to review transcripts or discovery despite Rule 1.16 of the Code of Professional Responsibility.

(*Houston I*, ECF No. 1, PageID 5). Noting that the Petition was "mixed" in that it contained claims on which Houston had exhausted his available state court remedies (ineffective assistance of trial counsel) and claims on which he had not exhausted (ineffective assistance of appellate counsel), the Warden moved to dismiss for incomplete exhaustion (*Houston I*, ECF No. 7). Houston

opposed the Motion and moved to stay the case and hold it in abeyance pending exhaustion (*Houston I*, ECF Nos. 10, 11). Magistrate Judge Gregory Wehrman, to whom *Houston I* was assigned, recommended that the Motion to Stay be denied. Noting that exhaustion might be futile, Judge Wehrman provided Houston with the option of withdrawing his unexhausted ineffective assistance of appellate counsel claim and allowing the Court to adjudicate the exhausted ineffective assistance of trial counsel claim. Judge Wehrman's Report concluded:

> Petitioner is hereby warned that if he fails to inform the Court in writing within the requisite 30-day period that he elects to withdraw the unexhausted ineffective-assistance-of-appellate-counsel claim and proceed to judgment on the remaining grounds for relief alleged in the petition, the instant petition will be subject to dismissal without prejudice as a "mixed" petition and any subsequent habeas petition may be barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

(*Houston I*, Report, ECF No. 12, PageID 276.)

In his Objections to that Report, Houston said he was "willing to drop the unexhausted claim of ineffective assistance of appellate counsel," but also insisted on his request to stay. (*Houston I*, ECF No. 13, PageID 280). Judge Dlott refused to allow Houston to place the Court on the horns of that dilemma and dismissed the Petition without prejudice for lack of exhaustion (Houston I, ECF No. 15). Judge Dlott also denied Houston a certificate of appealability. *Id.* at PageID 285. Houston took no appeal and in particular did not seek a certificate of appealability from the Sixth Circuit. Judgment in *Houston I* was entered September 15, 2016. *Id.* at ECF No. 16. Houston filed the instant Petition March 30, 2017[1].

In his Petition in this case, Houston pleads two Grounds for Relief:

**Ground One:** Ineffective assistance of appellate counsel.

---

[1] The Petition was docketed on March 31, 2017, but scanned from the prison the day before. See scanning notation at ECF No. 1, PageID 1.

4

> **Supporting Facts:** Appellate and trial counsel were both ineffective due to failing to raise several major issues in my case. Appellate counsel failed to object to defendant/appellant being viewed by the jury in jailhouse clothes while handcuffed and shackled denying defendant/appellants right to due process and fair trial. Also Appellate counsel failed to raise trial counsel's ineffectiveness for failing to object to improper jury instructions and for failing to object to Prosecutorial Misconduct for a *Brady* Violation, rendering Appellants trial fundamentally unfair in violation of the constitutions of Ohio and United States. Lastly Appellate counsel failed to raise trial counsel's ineffectiveness for failing to properly prepare for trial by failing to obtain a full discovery, denying appellant the right to notice and decide if he is going to proceed to trial or consider the plea offered by the state.
>
> **Ground Two:** The trial court erred in imposing on Mr. Houston consecutive maximum sentences.
>
> **Supporting Facts:** Double jeopardy and allied offenses forbades [sic] the law from sentencing Mr. Houston to the maximum on all charges.

(Petition, ECF No. 1, PageID 4-6.)

Although the instant Petition attacks the same judgment as the prior Petition, it is not a second-or-successive habeas application requiring permission from the circuit court to proceed because the prior petition was dismissed without prejudice. *In re Bowen*, 436 F.3d 699 (2006), citing *Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (a petition filed after a mixed petition has been dismissed before the district court has adjudicated any claim is not a second or successive petition); *Martinez-Villareal v. Stewart*, 523 U.S. 637 (1998). Thus this Court has jurisdiction to adjudicate the case. Compare *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007).

In recommending dismissal of the Petition as time-barred, the Magistrate Judge rejected Houston's claims that (1) filing of his Ohio App. R. 26(B) application in October 2016 tolled the statute of limitations under 28 U.S.C. § 2244(d)(2) because that application was not properly filed,

5

(2) he was entitled to equitable tolling, and (3) the statute had not yet begun to run because he had not yet been served with the November 2016 nunc pro tunc entry.

**Objection One: The Nunc Pro Tunc Entry**

As authority for the proposition that the statute of limitations has not yet begun to run because he has not yet been served with a copy, Houston relies on *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016).

*Crangle* arose out of a long series of cases in the Ohio Supreme Court dealing with situations where the Ohio statutes mandated imposition of post-release control on defendants, but trial courts had failed to impose that term of sentence or had done it imperfectly, e.g. by stating it in the judgment entry but not stating it orally in open court. The Ohio Supreme Court had held that judgment entries which failed to comply with the post-release control provisions were void and for some time remanded those cases for de novo resentencing. Eventually in *State v. Fischer*, 128 Ohio St. 3d 92 (2010), the Ohio Supreme Court held that only the portion of those judgments dealing (or not dealing) with post-release control were void and remands were made to correct only that portion of the judgment.

Given that persons whose judgments are amended under *Fischer* sometimes bring second-in-time habeas corpus cases after the amendment, the federal courts have had to deal with the questions of whether these post-amendment habeas cases are "second-or-successive" within the meaning of 28 U.S.C. § 2244(b) and therefore require permission from the circuit court to proceed.[2] The Sixth Circuit first held that a full de novo resentencing allows a petitioner to

---

[2] As noted above, that is not an issue here because Houston's prior habeas case was dismissed without prejudice.

"challenge his undisturbed conviction without triggering the 'second or successive' requirements." *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015). *King* was extended to Ohio's reopening of a petitioner's sentence merely to enter post-release control. *In re Stansell*, 828 F.3d 412 (6th Cir. 2016).

In *Crangle*, the Sixth Circuit turned from the second-or-successive question to the statute of limitations question and held that a new judgment, at least if it imposes a worse than before sentence, e.g., by imposing post-release control in lieu of parole, resets the statute of limitations clock. 838 F.3d at 677, followed in *Brown v. Harris*, 2018 U.S. Dist. LEXIS 31483 (S.D. Ohio Feb. 27, 2018).

Houston's case is materially different from Crangle's. The Nunc Pro Tunc Entry does not impose a new sentence at all, Instead it corrects the judgment entry to make it conform to the sentence pronounced in open court. The First District did not vacate the judgment because it was void, as has been done in Ohio in the post-release control cases, but ordered the judgment corrected to reflect the sentence that was initially imposed. *State v. Houston, supra*, at ¶ 42. This was in accordance with accepted Ohio procedure. *Id.*, citing *State v. Breedlove*, 46 Ohio App.3d 78, 546 N.E.2d 420 (1st Dist.1988). Crangle itself recognized this distinction: "Nunc pro tunc orders are customarily used only "to correct erroneous records," not to "revise the substance of what transpired or to backdate events." 838 F.3d at 680, quoting *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995). The Sixth Circuit recently held that *King v. Morgan* does "not exclude the possibility that minor amendments to a judgment, such as those that correct clerical or technical errors while leaving a petitioner's conviction and sentence intact, may not create a new judgment." *In re: Javalen Wolfe*, 2018 U.S. App. LEXIS 3206 (6th Cir. Feb. 9, 2018).

That is exactly what happened here. Using a procedure designed for the correction of

clerical mistakes – Ohio R. Crim. P. 36 – the First District ordered the judgment entry corrected to reflect what actually happened in open court – imposition of a sixty-five year sentence comprising consecutive sentences on all the offenses of conviction.

Houston argues that because the journalized sentence changed from sixty-two and one-half years to sixty-five years and was entered without his physical presence, his situation is parallel to that of the defendant in *State v. Juan*, 2016-Ohio-5339, 2016 Ohio App. LEXIS 3210 (10th Dist. Aug. 11, 2016). The Magistrate Judge agrees with Houston that his situation is parallel to that of Juan, but notes that the State conceded error in that case and Tenth District precedent would not be controlling in the First District in any event. If Houston believes the Nunc Pro Tunc Entry is void because he was not personally present, he is free to move the Hamilton County Common Pleas Court to vacate it.

Houston continues to stress that the Nunc Pro Tunc Entry has never been "served" on him. Contrary to that assertion, the record in this case shows that a copy was served on him when the Assistant Attorney General litigating this case on behalf of the State provided it to him as Exhibit 25 in the State Court Record (ECF No. 9, PageID 85-87). In fact, Houston admits that that is how he learned of the Nunc Pro Tunc Entry. Thus he appears to be complaining of the lack of service by some other means by some other entity than the Ohio Attorney General. If he believes there is error in the Nunc Pro Tunc Entry (e.g., that it was entered without his physical presence) or in the failure to serve it on him independent of the record filed in this case, he could raise that claim by way of a motion for delayed appeal in the First District.

Neither of these possible moves in the state courts deals with the statute of limitations defense now before the Court. As the Report concludes, the statute began to run March 24, 2015 (Report, ECF No. 13, PageID 168). It ran 175 days until it was tolled by the filing of Houston's

petition for a state writ of habeas corpus, but began to run again when that petition was dismissed and expired without any other tolling on May 18, 2016. *Id.* Once the statute expires, it is not re-set by the filing of a state collateral attack, so Houston's October 20, 2016, Ohio R. App. P. 26(B) application had no effect. Pendency of a federal habeas petition does not toll the statute under 28 U.S.C. § 2244(d)(2) because it is not a state collateral attack. *Duncan v. Walker,* 533 U.S. 167 (2001). Houston was explicitly warned by Judges Dlott and Wehrman that his failure to dismiss his unexhausted ineffective assistance of appellate counsel claim in the prior case could cause adverse statute of limitations result, yet he persisted in refusing to make that choice.

**Equitable Tolling**

Houston also claims that he is entitled to equitable tolling of the statute. The Report noted that equitable tolling is available for the AEDPA statute of limitations (ECF No. 13, PageID 169-70, citing *Holland v. Florida,*560 U.S. 560 U.S. 631 (2010). However, the Report concluded Houston was not entitled to equitable tolling because he had not been sufficiently diligent in pursuing his claims. *Id.* .

Houston objects that he has shown the efforts he made to obtain his trial transcripts (Objections, ECF No. 14, PageID 177). He has not refuted the finding of Judge Wehrman that the transcripts were not necessary to file a 26(B) application. He argues in his Objections that he needed the transcripts to show that he was seen by the jury in shackles, but then notes that this would not have been in the transcript, but could only have been shown by evidence dehors the record (ECF No. 14, PageID 178). To prove that he needed a transcript for his 26(B) Application, he cites pages 9 and 10 of his Memorandum in Opposition (ECF No. 11, PageID 151-52) where he quotes from *White v. Brunsman*, 2010 U.S. Dist. LEXIS 114113 *63 (S.D. Ohio Jul. 27, 2010). But Magistrate Judge Deavers' Report at that page says the record in White's case did not show his shackles were visible to the jury. If

9

Houston's trial transcript, like White's, does not show he was in shackles, then the transcript would have been of no use in prosecuting his ineffective assistance of appellate counsel claim. If, as Houston seems to say, his appearance in shackles would have to have been shown by evidence dehors the record, then it would have to have been presented in a post-conviction relief proceeding under Ohio Revised Code § 2953.21. But the state court record does not show Houston ever filed such a petition and his time to do so is long since past.

**Conclusion**

Because Houston's Objections are not well taken, it is again respectfully recommended that the Petition herein be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 1, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or

such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).