# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

RAJ HOUSTON,

  Petitioner,

v.

CHAE HARRIS, Warden,
Warren Correctional Facility,

  Respondent.

CASE NO.: 1:17-cv-218

Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

## OPINION AND ORDER

This matter is before the Court on the Report and Recommendations of the Magistrate Judge (Doc. 13), Petitioner's *pro se* objections (Doc. 14), the Supplemental Report and Recommendations of the Magistrate Judge (Doc. 17), and Petitioner's *pro se* supplemental objections (Doc. 20). Having considered the filings de novo, the Court will dismiss the petition.

### I. BACKGROUND

Petitioner was convicted after a jury trial for kidnapping, aggravated robbery, aggravated burglary, theft, and having weapons while under disability. *State v. Houston*, 2014-Ohio-3111, ¶ 8 (Ohio Ct. App.).[1] On the record, the trial court sentenced him to 65 and a half years in prison. *Id.* at ¶ 9. Petitioner's direct appeal was unsuccessful, but Ohio's First District Court of Appeals (the "First District") did note that his sentencing judgment entry had missed a count that, per the manifest intention of the trial court, was

---

[1] The "determination of a factual issue made by a State court shall be presumed to be correct" absent "clear and convincing evidence" otherwise. 28 U.S.C. § 2254(e)(1).

1

supposed to run consecutively to the other counts. *Id.* at ¶ 41. It remanded the cause to the trial court for a *nunc pro tunc* corrected sentencing judgment entry. *Id.* at ¶ 42.

Approximately a year following the decision rendered by the First District, Petitioner filed a state court habeas petition, which (Respondent concedes) tolled the federal habeas statute of limitations.[2] Immediately upon the dismissal of that petition, Petitioner filed his first federal habeas petition, which Judge Dlott ultimately dismissed without prejudice on exhaustion grounds as it related to his ineffective assistance of appellate counsel claim. (Doc. 9 at PAGEID 66). Shortly thereafter, Petitioner sought leave to file a delayed Ohio App. R. 26(B) application, which was denied in early 2017. The present petition followed in March of 2017.

As grounds, this petition raises (1) the ineffective assistance of appellate counsel and (2) the trial court's error in imposing consecutive maximum sentences. (Doc. 1 at PAGEID 5–6). The Magistrate Judge recommended that the petition be dismissed as barred by the statute of limitations[3] and not appropriate for equitable tolling. (Doc. 13 at PAGEID 171). In his objections thereto, Petitioner first pointed to the *nunc pro tunc*

---

[2] Per 28 U.S.C. § 2244(d)(2), the federal habeas statute of limitations was tolled while this petition was pending. As of September 16, 2015, the statute of limitations had been running 175 days.
[3] The statute of limitations in federal habeas actions, per 28 U.S.C. § 2244(d)(1), runs one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

sentencing judgment entry in the state trial court (Doc. 9, Ex. 25) and argued that the federal habeas statute of limitations reset to begin running on the date of this entry: November 23, 2016. Second, he challenged the Magistrate Judge's determination that that he had not demonstrated entitlement to equitable tolling. In his Supplemental Report and Recommendations, the Magistrate Judge distinguished the case authority offered by Petitioner to support his contention that the statute of limitations reset with the *nunc pro tunc* sentencing judgment entry. (Doc. 17 at PAGEID 401–03). The Magistrate Judge also concluded that the trial transcript was not required in order for Petitioner to file his Ohio App. R. 26(B) application, because it was not dispositive of his ineffective assistance of appellate counsel claim. (*Id.* at PAGEID 404–05).

In his pending supplemental objections (Doc. 20), Petitioner first asks the Court to give greater weight to his cited authority in support of the proposition that the *nunc pro tunc* sentencing judgment entry reset the federal habeas statute of limitations: *State v. Juan*, 2016-Ohio-5339 (Ohio Ct. App.). He further maintains that the alleged improper service of the *nunc pro tunc* sentencing judgment entry has some bearing on the pending federal habeas petition. Petitioner additionally argues that the trial transcript was a prerequisite to his Ohio App. R. 26(B) application.

For reference, the timeline of relevant events is as follows[4]:

| | |
|---|---|
| July 16, 2014 | The First District decided Petitioner's direct appeal. |
| December 24, 2014 | Supreme Court of Ohio declined review. |
| March 24, 2015 | Time for seeking United States Supreme Court review expired and federal habeas statute of limitations began to run. |
| September 16, 2015 | State court habeas petition filed. |

---

[4] The only dispute as to this timeline concerns whether the federal habeas statute of limitations was reset due to the *nunc pro tunc* state court sentencing judgment entry, which the Court will discuss *infra*.

3

| | |
|---|---|
| November 10, 2015 | State court habeas petition dismissed and first federal habeas petition filed (No. 1:15-cv-722) |
| May 18, 2016 | Federal habeas statute of limitations, as tolled by state court habeas action, expired. |
| September 15, 2016 | First federal habeas petition dismissed without prejudice on exhaustion grounds. |
| October 31, 2016 | Petitioner moved to reopen direct appeal under Ohio App. R. 26(B). |
| November 23, 2016 | *Nunc pro tunc* state court sentencing judgment entry entered. |
| January 12, 2017 | The First District denied the Ohio App. R 26(B) application. |
| March 31, 2017 | Pending federal habeas petition filed. |

## II.  STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issue for review: "[a] general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

4

## III. ANALYSIS

The Court has reviewed the Magistrate Judge's findings and considered all of the filings in this matter de novo. The Court determines that the Report and Recommendations and the Supplemental Report and Recommendations should be adopted, adding the following analysis as it relates to Petitioner's pending supplemental objections.

The Court begins with the state court *nunc pro tunc* sentencing judgment entry. In his supplemental objections, Petitioner doubles down on *State v. Juan*, 2016-Ohio-5339, in support of his theory that this entry reset the federal habeas statute of limitations. But while containing certain parallels to the facts of this case, *Juan* dealt with a *void judgment*, in that the judgment had imposed a sentence "not in accordance with statutorily mandated terms." *Id.* at ¶ 19. While the court in *Juan* referred to the error as clerical under Ohio Crim. R. 36, *see id.* at ¶ 21, a fair reading of the decision suggests that its disposition turned on the fact that it found the original judgment void. That is not the case here. And unlike in *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016), the state court here did not impose a new sentence in the *nunc pro tunc* entry from what was announced at the sentencing hearing and included in the original sentencing judgment entry. *Crangle* highlights this distinction—to Petitioner's detriment: "If the November 2010 *nunc pro tunc* order merely corrected a record to accurately reflect the court's actions, it would not be a new sentence that resets the statute of limitations under § 2244(d)(1)(A). *But that's not what happened here.*" *Id.* at 680 (emphasis added). The Court concludes that the *nunc pro tunc* sentencing judgment entry did not reset the federal habeas statute of limitations.

5

Finally, Petitioner remains convinced that an alleged service deficiency relative to the state court's *nunc pro tunc* sentencing judgment entry should be of some benefit to him as he attempts to persuade this Court to entertain his federal habeas claims. But as implied in the Magistrate Judge's Supplemental Report and Recommendations (*see* Doc. 17 at PAGEID 403–04), if the state court's *nunc pro tunc* judgment entry is irrelevant to the federal habeas statute of limitations, any deficiency in the service thereof it is similarly irrelevant to the federal habeas statute of limitations.

With respect to equitable tolling, Petitioner maintains that he was entitled to his trial transcripts, which were necessary to his Ohio App. R. 26(B) application. But this argument misses a step. Under *Holland v. Florida*, 560 U.S. 631 (2010), equitable tolling may apply to § 2244(d)'s statute of limitations, provided only "'(1) that [the petitioner] has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (emphasis added). Before the Court is required to determine whether the transcripts were required, Petitioner must show that he was pursuing his rights diligently. He has not.

In Petitioner's first federal habeas petition, Respondent moved to dismiss—arguing that Petitioner had not demonstrated "good cause" in failing to exhaust his ineffective assistance of appellate counsel claim via an Ohio App. R. 26(B) application. (*See* No. 1:15-cv-722, Doc. 7 at PAGEID 256). Other than his general contention that appellate counsel had not "allowed him to review his transcripts," Petitioner's response to the motion to dismiss contained no evidence in support of his diligence in attempting to timely file the Ohio App. R. 26(B) application or in seeking trial transcripts. (*Id.*, Doc. 10

6

at PAGEID 260). In denying the delayed Ohio App. R. 26(B) application, the First District held: "[Petitioner] has failed to support his claim of good cause with materials demonstrating any effort on his part to obtain a copy of the transcript before the 90-day filing period had expired." (Doc. 9 at PAGEID 106).

It was only with his response to Respondent's motion to dismiss the present federal habeas petition that Petitioner first attempted to evidence his alleged diligence. He attached a document purporting to be his handwritten request to the Public Defender's office for his transcripts and discovery; but other than the handwritten date of August 15, 2014 (falling within the 90-day window within which to file the Ohio App. R. 26(B) application), there is nothing to suggest when and if this was actually mailed. (*See* No. 1:17-cv-218, Doc. 11 PAGEID 157). Neither his substantive filings in the first federal habeas petition (*see* No. 1:15-cv-722, Docs. 1, 10, 13) nor his filings in connection with his delayed Ohio App. R. 26(B) application (*see* No. 1:17-cv-218, Doc. 9 at PAGEID 88–99, 103–04) reference this correspondence, though it would have predated both proceedings. To the extent that Petitioner provides any corroboration, he attaches a response from the Public Defender's office dated over a year later: August 31, 2015.[5] (No. 17-cv-218, Doc. 11, PAGEID 154). Taking this all into consideration, the record does not contain credible evidence that Petitioner was duly diligent in the 90 days following the disposition of his direct appeal on July 16, 2014.

Even if it did, the Court remains unconvinced that the lack of transcripts raises to the level of "good cause" to excuse the delay in the Ohio App. R. 26(B) application. The

---

[5] Petitioner makes unsworn allegations that he and family members repeatedly tried to contact the Public Defender's office in the meantime. (*See* Doc. 11, PAGEID 146–48 nn.2–3). As with the August 15, 2014 letter, these allegations are unique to the present petition.

text of Ohio Appellate Rule 26(B) does not contain a per se transcript requirement as part of a related application, notwithstanding Petitioner's suggestion otherwise. (*See* Doc. 11, PAGEID 148 n.3). *See* Ohio App. R. 26(B)(2)(d) and (e) (Application shall include a sworn statement about appellate counsel's deficiency, "which *may* include . . . references to the record" and "[a]ny parts of the record *available to the applicant* . . . ."). The Magistrate Judge in Petitioner's first federal habeas petition declined to find such a requirement. *See Houston v. Warren Corr. Inst.*, No. 1:15-cv-722, 2016 WL 4194135, at *4 (July 1, 2016) (collecting cases). "The lack of access to the transcripts is not good cause for a delay in filing of an application to reopen." *Smith v. Warden, Lebanon Corr. Inst.*, No. 3:06-cv-326, 2007 WL 2080468, at *4 (S.D. Ohio May 4, 2007), *rec. adopted*, 2007 WL 2080463 (S.D. Ohio July 19, 2007) (citations omitted).

Petitioner is correct that the First District stated that "the lack of a transcript of the proceedings will excuse a filing delay when, as here, appellate counsel's alleged ineffectiveness in prosecuting the appeal required a transcript to be identified. *State v. Bell*, 73 Ohio St. 3d 32, 34, 652 N.E.2d 191 (1995); *accord State v. Houston*, 72 Ohio St. 3d 346, 347, 652 N.E.2d 1018 (1995)." (Doc. 9, PAGEID 106). But the court's decision turned on diligence, not access to transcripts; and both of the Supreme Court of Ohio cases cited held that the lack of transcripts could excuse delay *only if the claims were otherwise unidentifiable*, which was not true of the applicant in either case. *See Bell*, 652 N.E.2d at 193; *Houston*, 652 N.E.2d at 1019. Here, Petitioner concedes that he "very will (sic) knew he was in court shackled in jail house clothing . . . ." (Doc. 14, PAGEID 178).

In sum, the Court finds that trial transcripts were not a prerequisite to Petitioner's Ohio App. R. 26(B) application. Even if they were, he has not demonstrated due diligence in securing them.

IV.     **CONCLUSION**

Consistent with the foregoing, Petitioner's Objections (Docs. 14, 20) are **OVERRULED** and the Report and Recommendations (Doc. 13) and the Supplemental Report and Recommendations (Doc. 17) are **ADOPTED**. The Petition (Doc. 1) is **DISMISSED** with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability and the Court **CERTIFIES** that any appeal would be objectively frivolous.

**IT IS SO ORDERED**.

> s/_*Michael R. Barrett*_
> Judge Michael R. Barrett
> UNITED STATES DISTRICT JUDGE